UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNE MARIE SANFORD-MURRAY,**<br><br>    Plaintiff,<br><br>    v.<br><br>**MICHAEL J. ASTRUE,**<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:11-cv-01049-SI<br><br>**OPINION AND ORDER** |

Lisa R. Porter, KP Law LLC, 16200 SW Pacific Hwy., Suite H-280, Portland, OR 97224. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97201; Terrye E. Shea, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

OPINION AND ORDER, Page 1

**SIMON, District Judge.**

## BACKGROUND

On August 21, 2012, this Court granted the parties' stipulated motion to remand the Commissioner's determination of nondisability for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Doc. 19.) Plaintiff now moves this Court for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 21.) The Commissioner contests plaintiff's motion as untimely. (Doc. 22.)

The EAJA authorizes the payment of attorney fees to a prevailing party in an action against the United States, unless the Government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney fees is within the discretion of the court. *Id.* at 567; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand for further proceedings pursuant to 42 U.S.C. § 405(b). *Flores*, 49 F.3d at 567 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 n.3 (1993)).

"A party seeking an award of fees . . . shall, within thirty days of final judgment in the action, submit to the court an application for fees." 28 U.S.C. § 2412(d)(1)(B). The statute defines "final judgment" as "a judgment that is final and not appealable." *Id.* at (d)(2)(G). As such, the thirty-day period does not begin to run until the applicable appeals period has concluded. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991)). Pursuant to the Federal Rules of Appellate Procedure, when the United States is a party to a civil action, a notice of appeal must be filed within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B).

In this case, the Court entered a stipulated judgment reversing the decision of the Commissioner on August 21, 2012. (Doc. 20.) Plaintiff's motion for EAJA fees was filed on November 20, 2012. (Doc. 21.) The Commissioner argues that Plaintiff's motion was due on November 19, 2012, which is 90 days after this Court's entry of judgment. Thus, the Commissioner argues, Plaintiff's motion for fees is untimely. Def.'s Resp. at 3. Plaintiff argues that her filing is "apparently one day late[,] which should be excusable." Pl.'s Reply at 2.

## DISCUSSION

**A.     The Timeliness of the Fee Petition**

The EAJA statute does not specify a method for computing time; thus, the Federal Rules of Civil Procedure govern. Fed. R. Civ. P. 6(a) ("The following rules apply in computing any time period specified . . . in any statute that does not specify a method of computing time."). When a period of time is stated in days, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* at (a)(1).

There are two discrete time periods at issue in the matter that is before this Court. The first is the 60-day appeal period, which runs from the entry of judgment until the judgment is final and no longer appealable. The second is the 30-day period in which to file a petition for EAJA fees, which begins to run only after the judgment is no longer appealable. *See* Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2412(d)(1)(B). The Commissioner's calculation fails to appreciate that two distinct time periods at relevant. Simply adding 90 days to the original date of the entry of judgment is incorrect.[1] The Court entered the judgment on August 21, 2012,

---

[1] The EAJA's fee provision applies, in certain circumstances, to a party that prevails against the United States in a civil action. *See Melkonyan*, 501 U.S. at 91 (citing 28 U.S.C. § 2412). Significantly, prevailing parties may request fees at different stages of litigation, but they are only entitled to them when their "case has met its final demise, such that there is no longer any

OPINION AND ORDER, Page 3

which is excluded from the calculation, *see* Fed. R. Civ. P. 6(a)(1)(A), so the expiration of the 60-day period occurred on October 20, 2012, a Saturday. Pursuant to Rule 6, however, the period in which to appeal actually continues to run through Monday, October 22, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, *the period continues* to run until the end of the next day that is not a Saturday, Sunday, or legal holiday") (emphasis added). The day that triggers the beginning of the period is excluded, so 30 days after the judgment became final is November 21, 2012. Because Plaintiff's motion was filed on November 20, 2012, it is timely. *See Melkonyan*, 501 U.S. at 102. In fact, it was filed one day early, rather than one day late.

**B.    The Amount of Fees and Costs**

Plaintiff seeks an attorney fee award in the amount of $1,850.60 and $4.20 in costs and expenses. This represents 10.05 hours of attorney time at $184.59 per hour.[2] The Commissioner

---

possibility that the district court's judgment is open to attack." *See Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002) (citing *Myers v. Sullivan*, 916 F.2d 659, 669 (11th Cir. 1990)). Thus, the beginning of the 30-day period in the EAJA statute varies. *See, e.g.*, *Hoa Hong Van,*, 483 F.3d at 607 ("[T]he timing of a fee application following a sentence-six remand differs from that of a fee application following a sentence-four remand."); *Arulampalam v. Gonzales*, 399 F.3d 1087, 1088 (9th Cir. 2005) (quoting *Al-Harbi*, 284 F.3d at 1083–84) (period begins "only after the 90-day time for filing a petition for writ of certiorari with the Supreme Court has expired"). As such, it would be incorrect to say that Plaintiff had 90 days to file her fee petition; rather, Plaintiff had 30 days to file her fee petition after her judgment became final, which in this case occurred 60 days after the judgment was entered. *Cf. Melkonyan*, 501 U.S. at 96 ("The 30-day EAJA clock *begins to run after* the time to appeal that "final judgment" has expired.") (emphasis added).

[2] The EAJA caps the recoverable hourly rate at $125.00 per hour, unless "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Adjustments for the cost of living are pegged to the consumer price index for all urban consumers. *See Jones v. Espy*, 10 F.3d 690, 692–93 (9th Cir. 1993). In October 2012, the last month for which data is available, the index was 231.317. U.S. Dep't Labor, *CPI Detailed Report*, Table 1 (Oct. 2012), *available at* http://www.bls.gov/cpi/cpid1210.pdf. Thus, the maximum adjusted hourly rate is $185.71 per hour. *See Ramon-Sepulveda v. I.N.S.*, 863 F.2d 1458, 1463–64 (9th Cir. 1988) (explaining the rate is the product of the statutory ceiling ($125/hour) and the ratio of the price index for the month at issue (231.407) with the price index

did not respond to the merits of Plaintiff's fee request, relying solely on the argument that her request is untimely. Def.'s Resp. at 4–5.

If the Government fails to prevail in its position on the underlying issues, no presumption arises that the Government's position was unreasonable. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). The Court applies a reasonableness standard in determining whether the Government's position was substantially justified. *Flores*, 49 F.3d at 570. "The Government bears the burden of proving its position was substantially justified." *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984). It must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The reasonableness standard is met if the Government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998); *Lewis*, 281 F.3d at 1083. The Government must justify both the original agency action and its litigation position. *Kali*, 854 F.2d at 332.

The Commissioner, however, has not contested the merits of Plaintiff's fee petition; further, the Court's own review does not reveal that the Commissioner's position was "substantially justified." The ALJ erred in finding that Plaintiff had engaged in substantial gainful activity at step one and in rejecting the opinions of two physicians. (Doc. 19.) Although the Commissioner stipulated to the remand, (Doc. 18), he did so only after answering the Social

---

from the month Congress adopted the current statutory ceiling); *Ball v. Astrue*, CV-09-764-HU, 2011 WL 221835, at *2 (D. Or. Jan. 18, 2011) (finding the price index for March 1996, when Congress adopted the current fee ceiling, was 155.7). Because Plaintiff's proposed rate is based on the price index for Portland, Oregon, rather than for the nation as a whole, and is below the maximum allowable amount, the Court accepts Plaintiff's proposed hourly rate.

Security complaint and in response to Plaintiff's opening brief. Doc. 11. Therefore, the Court concludes that the position of the United States was not substantially justified. *See Gundy v. Astrue*, 12-35039, __ Fed. App'x __, 2012 WL 6054771, at *1 (9th Cir. Dec. 6, 2012) (citing *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996)) ("The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified.").

If the position of the United States is not "substantially justified," then the Court has discretion to determine whether the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). The critical factor in this analysis is the "degree of success attained." *Id.* The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without explanation. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

Plaintiff has prepared and submitted an itemized breakdown of the time that her attorney spent on this case. (Doc. 21, Ex. 2). Upon review, the Court does not find that Plaintiff has included any requests for "hours that are excessive, redundant, or otherwise unnecessary;" thus, the Court concludes that Plaintiff's fee request is reasonable. *See Hensley*, 461 U.S. at 434. Therefore, Plaintiff's fee request is granted for 10.05 hours at counsel's proposed 2012 billing rate of $184.14. Further, a prevailing party is entitled to recover costs as enumerated in 28 U.S.C. § 1920. 28 U.S.C. § 2412(a)(1). Therefore, Plaintiff's request for the costs incurred in photocopying briefs, $2.00, and postal service expenses, $2.20, is granted.

In summary, Plaintiff's fee application is GRANTED. Doc. 21. Plaintiff is awarded $1,850.60 for attorney fees pursuant to 28 U.S.C. § 2412(d) and $4.20 in expenses and costs. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

Program, as discussed in *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010). Because Plaintiff does not appear to have filed with the Court an assignment of EAJA fees to her counsel, Defendant shall cause the payment of fees to be made to Plaintiff and delivered to Plaintiff's counsel. If Plaintiff timely provides a signed assignment requesting that the attorney fees awarded be paid directly to her counsel, Defendant shall honor the assignment.

     DATED this 3rd day of January, 2013.

                                                 /s/ Michael H. Simon
                                               Michael H. Simon
                                               United States District Judge